UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEHRAZ MOHAMMAD SARFRAZ-SATTAR, individually, and on behalf of all others similarly situated, | No. 2:24-cv-00640-TLN-SCR |
| Plaintiff, | **ORDER** |
| v. | |
| PACIFIC GAS AND ELECTRIC COMPANY, a California company; and DOES 1 through 10, inclusive, | |
| Defendants. | |

This matter is before the Court on Plaintiff Shehraz Mohammad Sarfraz-Sattar's ("Plaintiff") Motion to Remand. (ECF No. 17.) Also before the Court are Defendant Pacific Gas and Electric Company's ("Defendant") Motion to Dismiss (ECF No. 10) and Motion to Consolidate Cases. (ECF No. 25.) All motions are fully briefed. (ECF Nos. 15, 19, 20, 21, 27, 29.) For the reasons set forth below, the Court GRANTS Plaintiff's Motion to Remand and DENIES Defendant's Motion to Dismiss and Motion to Consolidate Cases as moot.

///

///

///

///

1

I. **FACTUAL AND PROCEDURAL BACKGROUND**

This action arises out of Defendant's alleged wage and hour violations.[1] (ECF No. 1-2 at 6–34.) From November 2012 to approximately September 2022, Plaintiff worked for Defendant as an hourly, non-exempt employee. (*Id*. at 11.) On October 16, 2023, Plaintiff filed suit against Defendant in Solano County Superior Court. (*Id*. at 6–34.) Plaintiff's Complaint alleges Defendant violated numerous provisions of the California Labor Code and Industrial Welfare Commission ("IWC") Wage Orders. (*Id.*) Specifically, Plaintiff alleges Defendant failed to pay employees for all hours worked, including minimum wages, straight time, and overtime wages; Defendant failed to provide employees with their meal period in a manner required by law; Defendant failed to provide employees with rest breaks of at least ten minutes every four hours of work; Defendant failed to pay employees all wages due twice per month; Defendant failed to maintain accurate records of hours worked and all meal period taken or missed by employees; Defendant failed to provide all final wages owed to employees within 24 hours of their termination or 72 hours of their resignation; Defendant failed to provide employees with itemized wage statements; Defendant failed to indemnify employees for employment-related expenses; and Defendant failed to produce required records requested by Plaintiff. (*Id*.)

On February 27, 2024, Defendant filed a Notice of Removal based on federal question jurisdiction, arguing § 301 of the Labor Management Relations Act ("§ 301" or "LMRA") preempts Plaintiff's claim. (ECF No. 1.) On March 5, 2024, Defendant filed a motion to dismiss. (ECF No. 10.) On March 28, 2024, Plaintiff filed a motion to remand. (ECF No. 17.) On April 30, 2024, Defendant filed a motion to consolidate. (ECF No. 25.) As will be discussed, the Court concludes this action should be remanded. Therefore, the Court only addresses Plaintiff's motion to remand and does not address Defendant's motion to dismiss or motion to consolidate.

II. **STANDARD OF LAW**

"If at any time before final judgment it appears that the district court lacks subject matter

---

[1] Plaintiff filed a related lawsuit against Defendant asserting a claim under the Private Attorneys General Act ("PAGA") for the same wage and hour violations. (No. 2:24-cv-00639-TLN-SCR.)

2

1   jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  District courts have federal
2   question jurisdiction under 28 U.S.C. § 1331 over "all civil actions arising under the Constitution,
3   laws, or treaties of the United States." 28 U.S.C. § 1331.  Section 301 of the LMRA provides
4   federal jurisdiction over "[s]uits for violation of contracts between an employer and a labor
5   organization." 29 U.S.C. § 185(a).  Section 301 encapsulates "a congressional mandate to the
6   federal courts to fashion a body of federal common law to be used to address disputes arising out
7   of labor contracts." *Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 209 (1985) (footnote omitted).
8   "This federal common law, in turn, preempts the use of state contract law in CBA interpretation
9   and enforcement." *Matson v. United Parcel Serv., Inc.*, 840 F.3d 1126, 1132 (9th Cir. 2016)
10  (internal quotation marks and citation omitted).  Consequently, "[a]n action arising under § 301 is
11  controlled by federal substantive law even though it is brought in a state court" and may be
12  properly removed to federal court under federal question jurisdiction.  *Avco Corp. v. Aero Lodge*
13  *No. 375, Int'l Ass'n of Machinists & Aerospace Workers*, 390 U.S. 557, 560 (1968).  Because §
14  301's preemptive force extends to "questions relating to what the parties to a labor agreement
15  agreed, and what legal consequences were intended to flow from breaches of that agreement,"
16  *Lueck*, 471 U.S. at 210–11, § 301 preempts a state law claim so "inextricably intertwined" with
17  the terms of a labor contract that resolution of the claim will require judicial interpretation of
18  those terms.  *Id*. at 213.

19          Nevertheless, "not every dispute concerning employment, or tangentially involving a
20  provision of a collective-bargaining agreement, is preempted by § 301." *Id*. at 211.  If a state law
21  provides rights that cannot be waived or modified by private contract, and if the rights can be
22  enforced without resort to the express or implied terms of the contract, § 301 preemption does not
23  apply to claims brought under that state law.  *Id*. at 212 ("In extending the pre-emptive effect of §
24  301 beyond suits for breach of contract, it would be inconsistent with congressional intent under
25  that section to preempt state rules that proscribe conduct, or establish rights and obligations,
26  independent of a labor contract.") (footnote omitted); *Miller v. AT&T Network Sys.*, 850 F.2d 543,
27  545–46 (9th Cir. 1988).

28          Furthermore, a defendant cannot invoke § 301 preemption merely by alleging a

1  "hypothetical connection between the claim and the terms of the CBA" or a "creative linkage
2  between the subject matter of the claim and the wording of a CBA provision." *Cramer v. Consol.*
3  *Freightways, Inc.*, 255 F.3d 683, 691–92 (9th Cir. 2001) (en banc). "'[L]ook[ing] to' the CBA
4  merely to discern that none of its terms is reasonably in dispute does not require preemption." *Id*.
5  (quoting *Livadas v. Bradshaw*, 512 U.S. 107, 125 (1994)). "A state law claim is not preempted
6  under § 301 unless it necessarily requires the court to interpret an existing provision of a CBA
7  that can reasonably be said to be relevant to the resolution of the dispute." *Id*. at 693.

8  The Ninth Circuit has articulated a two-pronged test for determining whether § 301
9  preemption applies. *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059–60 (9th Cir. 2007).
10 First, a court must determine "whether the asserted cause of action involves a right conferred
11 upon an employee by virtue of state law, not by a CBA. If the right exists solely as a result of the
12 CBA, then the claim is preempted and our analysis ends there." *Id*. at 1059 (citation omitted). If
13 the court determines, however, that the right underlying the state law claim "exists independently
14 of the CBA" the court must proceed to the second prong and consider whether the right is
15 nevertheless "substantially dependent on analysis of a collective bargaining agreement." *Id*.
16 (internal quotation marks and citation omitted). "If such dependence exists, then the claim is
17 preempted by § 301; if not, then the claim can proceed under state law." *Id*. at 1059–60.

18 **III.   ANALYSIS**

19 Plaintiff moves to remand on the grounds that Defendant fails to meet its burden to
20 establish Plaintiff's claims are preempted under § 301 of the LMRA. (ECF No. 17 at 7.) Plaintiff
21 argues the wage and hour violations arise solely from state law, his Complaint makes no
22 allegations regarding a CBA, and he has not conceded his claims are subject to a CBA. (*Id*. at 7–
23 8; ECF No. 15 at 12.) Further, Plaintiff argues no interpretation of a CBA is required to resolve
24 the claim. (ECF No. 21 at 8.)

25 In opposition,[2] Defendant contends Plaintiff was a member of the International

---

26 [2]   The legal issues presented in Plaintiff's Motion to Remand (ECF No. 17) overlap with
27 those in Defendant's Motion to Dismiss. (ECF No. 10.) Accordingly, the Court refers to the
   briefing on this issue from both motions in summarizing the parties' arguments throughout its
28 Order. (ECF Nos. 10, 15, 17, 19, 20, 21.)

4

Brotherhood of Electrical Workers, Local 1245, and his employment was governed by a CBA. (ECF No. 10 at 10.) Defendant argues Plaintiff claims are founded directly on rights created by the CBA or substantially dependent on analysis of the CBA. (*Id*. at 13.) Defendant further argues Plaintiff's claims are preempted irrespective of whether Plaintiff's Complaint mentions the CBA. (ECF No. 20 at 5.)

The Court applies the two-prong *Burnside* test to Plaintiff's claims regarding overtime wages, failure to provide meal periods, unpaid minimum wages, reimbursement of expenses, and failure to provide Plaintiff's personnel file.[3][4]

      *i.*    *Do the rights exist independently of the CBA?*

The Court first addresses Plaintiff's claims regarding overtime wages, failure to provide meal periods, and failure to provide Plaintiff's personnel file, which Defendant argues fall under Labor Code exemptions. The Court will then address Plaintiff's claims regarding unpaid minimum wages and reimbursement of expenses.

Plaintiff argues his claims regarding Defendant's alleged failure to pay all hours worked, including minimum, straight time, and overtime wages, failure to provide meal periods, and failure to provide Plaintiff's personnel file are "solely and wholly derived from California statutes, specifically the Labor Code and Business & Professions Code." (ECF No. 17 at 14.) Plaintiff further argues "[s]uch claims that seek to vindicate a 'nonnegotiable state-law right[] . . . independent of any right established by contract" are not within the scope of § 301 of the LMRA. (*Id*. (citing *Allis Chalmers Corp.*, 471 U.S. at 213.) Plaintiff also contends the allegations regarding these claims make no reference to a CBA or its terms. (*Id*.)

---

[3] The parties do not raise any unique arguments regarding Plaintiff's claims regarding Defendant's alleged failure to maintain accurate records, waiting time penalties, and inaccurate wage statements, and the parties do not dispute the claims are derivative of the aforementioned claims. (ECF No. 17 at 19–20; ECF No. 20 at 8.) Therefore, the Court does not specifically address Plaintiff's derivative claims.

[4] Defendant contends this Court has supplemental jurisdiction over Plaintiff's rest break claim as it is part of the same case or controversy as Plaintiff's other claims. (ECF No. 1 at 19–20.) However, as the Court concludes Plaintiff's other claims are not preempted, the Court declines to exercise supplemental jurisdiction over Plaintiff's rest break claim.

5

1    Defendant argues California state law requirements for overtime compensation, meal

2 periods, and personnel file requests do not apply to Plaintiff's claims because the claims fall

3 under Labor Code exemptions — namely, Labor Code §§ 512(e)[5], 514[6] and 1198.5(q).[7] (ECF

4 No. 10 at 14–18.) Therefore, Defendant argues the claims cannot arise independently from state

5 law because state law does not apply. (*Id*.) Defendant cites to various sections of the CBA and

6 argues the rights exist solely as a result of the CBA and are therefore, preempted under § 301.

7 (*Id*. at 15.)

8    In response, Plaintiff cites to a litany of case law to support the proposition that a

9 "statutory exemption under Labor Code [§§ 512(e), 514 or 1198.5(q)] does not mandate

10 preemption" and "even if a CBA satisfies the requirements for statutory exemption under [§§

11 512(e), 514 or 1198.5(q)], this alone does not mandate preemption under § 301 because [[§§

12 512(e), 514 or 1198.5(q) are] affirmative defense[s], the mere invocation of which does not

13 demonstrate that [a overtime, meal period, or personnel file] claim cannot exist outside of the

14 CBA." (ECF No. 22 at 9 (citing *Densmore v. Mission Linen Supply*, 164 F. Supp. 3d 1180,

---

[5]   Section 512(e) exempts employees from the meal period requirements of § 512(a) if: (1) the employee is covered by a valid collective bargaining agreement; and (2) the valid collective bargaining agreement expressly provides for the wages, hours of work, and working conditions of the employees; meal periods for those employees; final and binding arbitration of disputes concerning application of its meal period provisions; and premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage. *See* Cal. Lab. Code § 512(e).

[6]   Section 514 exempts employees from the overtime compensation requirements if: (1) the employee is covered by a valid collective bargaining agreement; and (2) the valid collective bargaining agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage. *See* Cal. Lab. Code § 514.

[7]   Section 1198.5(q) exempts employees from the personnel file requirements of § 1198.5(a) if: (1) the employee is covered by a valid collective bargaining agreement; and (2) the valid collective bargaining agreement expressly provides for the wages, hours of work, and working conditions of the employees; a procedure for the inspection and copying of personnel records; premium wage rates for all overtime hours worked; and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage. *See* Cal. Lab. Code § 1198.5(q).

1190–1191 (E.D. Cal. 2016); *Davalos v. A. Teichart & Son, Inc.,* No. 2:18-cv-02694-KJM-KJN, 2019 WL 93539, at *4 (E.D. Cal. 2019); *Stone v. Sysco Corp.*, No. 16-cv-01145-DAD-JLT, 2016 WL 6582598, *7–8 (E.D. Cal. 2016); *Smith v. Greyhound Lines, Inc.*, 1:18-cv-01354-LJO-BAM, 2018 WL 6593365, *6–7 (E.D. Cal. 2018); and *Bruccheri v. Aramark Uniform Services, LLC*, No. 2:18-cv-00119-KJM-KJN2018 WL 5617197, *3–4 (E.D. Cal. 2018)).)

      Several district courts have addressed the issue of whether application of Labor Code exemptions render Plaintiff's claims preempted by the LMRA and have reached different conclusions.  In *Coria v. Recology, Inc.*, 63 F. Supp. 3d 1093, 1097–100 (N.D. Cal. 2014), the court found that, because §§ 512(e) and 514 applied to plaintiff's meal periods and overtime claims, respectively, the rights at issue existed solely as a result of the CBA and were preempted.  Conversely, in *Vasserman v. Henry Mayo Newhall Memorial Hosp.*, 65 F. Supp. 3d 932, 954 (C.D. Cal. 2014), the court held whether or not the exemption in § 514 applied affected only whether the plaintiff "has alleged a claim under a statute she cannot invoke" but "does not alter the substance of [the] claim."  Because the plaintiff "specifically and repeatedly plead[ed] violations of state law, not a violation of the CBAs or right [sic] they provide[,]" the claim was not preempted.  *Id.*; *see also Raphael v. Tesoro Refining & Marketing Co., LLC*., No. 2:15–cv–02862–ODW (Ex), 2015 WL 3970293, *5 (C.D. Cal. 2015) ("[S]imply asserting that one ... of these exemptions appl[ies] as an affirmative defense to litigation cannot suffice as the sole basis for preemption and removal.") (citation omitted); *Placencia v. Amcor Packaging Distrib., Inc.*, No. SACV 14-0379 AG (JPRx), 2014 WL 2445957, at *2 (C.D. Cal. 2014) ("If Plaintiff's overtime claim under California law fails, that doesn't mean this Court has jurisdiction, it means [defendant] wins .... Determining whether Plaintiff's claim fails requires interpreting state law, not the CBA.").

      In *Lopez v. Sysco Corporation*, No. 15-cv-04420-JSW, 2016 WL 3078840, at *4 (N.D. Cal. 2016), the court adopted the reasoning of *Vasserman* as more persuasive and declined to follow *Coria*, because "[t]he *Coria* court did not address the fact that the invocation of an exemption to the Labor Code is an affirmative defense."  Similarly, in *Atuatasi v. Securitas Sec. Servs. USA, Inc.*, No. LA 18–cv–2786–VAP (PLAx), 2018 WL 2748259, at *3 (C.D. Cal. 2018),

7

the court analyzed *Vasserman, Raphael*, and *Coria*, and was persuaded by the reasoning in *Vasserman* and *Raphael*. The court distinguished *Coria* because the plaintiff in that case "'appear[ed] to concede that those pre-conditions [for § 512(e)] ha[d] been met' and the court found that concession dispositive." *Id*. (quoting *Coria*, 63 F. Supp. 3d at 1097). Further, *Curtis v. Irwin Industries, Inc*., 913 F. 3d 1146, (9th Cir. 2019), relied on by Defendant, is equally distinguishable in that in *Curtis*, the plaintiff conceded the applicability of the statutory exemption under Labor Code §§ 512 and 514. *Curtis*, 913 F.3d at 1154.

The Court here is persuaded by the discussions in *Atuatasi* and *Lopez* and finds that the exemptions provide an affirmative defense that can be raised by Defendant but do not affect whether Plaintiff's claims invoke rights independent of the CBA. *Atuatasi*, 2018 WL 2748259, at *4; *Lopez*, 2016 WL 3078840, at *4. Because Plaintiff's claims are pleaded purely as violations of state law without reference to the CBA, the rights should be considered as independent of the CBA and not preempted under the first prong of the *Burnside* test.

Similarly, Plaintiff's claims regarding unpaid minimum wages and reimbursement of expenses are pleaded purely as violations of state law without reference to the CBA. The Court finds, as to the first prong of the *Burnside* test, the rights are also "conferred upon by virtue of state law." 491 F.3d at 1059–60.

        *ii.*     *Does resolution of the claims depend on interpreting the CBA?*

Turning to the second prong of the *Burnside* test, the Court must evaluate "whether the claim[s] can be resolved by 'look[ing] to' versus interpreting the CBA.... If the latter, the claim is preempted; if the former, it is not." *Burnside*, 491 F.3d at 1060 (citations omitted). Although this "'look to'/'interpret' distinction" does not lend itself to clear demarcation, "when the meaning of contract terms is not the subject of dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." *Livadas*, 512 U.S. at 124 (citation omitted). For example, "[a] collective-bargaining agreement may ... contain information such as rate of pay ... that might be helpful in determining the damages to which a worker prevailing in a state-law suit is entitled," but that would not result in preemption of the claim. *Lingle v. Norge Div. of Magic Chef, Inc*., 486 U.S.

399, 413 n.12 (1988).

As the party asserting § 301 preemption, Defendant bears the burden of establishing that resolution of Plaintiff's claims requires interpreting the CBA. *See Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1393 (9th Cir. 1988) ("The party invoking the removal statute bears the burden of establishing federal jurisdiction.").

Defendant cites to various sections of the CBA and argues the "state law right[s are] substantially dependent on analysis of the CBA" as resolution of Plaintiff's claims would require interpreting and applying the various CBA provisions. (*See generally* ECF No. 15.) The Court finds the rationale articulated in *Silva v. Medic Ambulance Service, Inc.*, 846 F. App'x 592, 593 (9th Cir. 2021) controls here. Even though the provisions of the CBA regarding Plaintiff's claims "may be relevant," the claims are primarily a "purely factual inquiry" as to whether or not Defendant complied with the Labor Code. *See Silva,* 846 F. App'x at 593 (reversing district court's order granting plaintiff's motion to remand because even though the CBA "may be relevant" to whether the defendant employer required the plaintiff to remain on call during rest periods, it was primarily a "purely factual inquiry" that did not depend on interpretation of the CBA). Here, Defendant does not point to any vague terms or provisions which the Court will be required to evaluate. Thus, Defendant has not shown that resolution of these claims is "substantially dependent" on analysis of the CBA. *See Burnside*, 491 F.3d at 1059–60. Therefore, it appears that resolution of these claims may require application, not interpretation, of the relevant CBA provisions at issue. As previously noted, this is insufficient to invoke federal jurisdiction. *See Castillo*, 132 F. Supp. 3d at 1200–01.

Accordingly, Plaintiff's overtime, meal period, personnel file, minimum wage, and expense reimbursement claims are not preempted by LMRA § 301. The parties do not dispute Plaintiff's claims regarding Defendant's alleged failure to maintain accurate records, waiting time penalties, and inaccurate wage statements are derivative of the aforementioned claims. (ECF No. 17 at 19–20; ECF No. 20 at 8.) Thus, Plaintiff's claims are not preempted by LMRA § 301.

1         Accordingly, Defendant fails to establish a basis for federal jurisdiction,[8] and the Court
2  GRANTS Plaintiff's motion to remand.

###         iii.    Defendant's Notice of Supplemental Authority

On January 17, 2025, Defendant filed a Notice of Supplemental Authority providing two district court opinions which it contends are relevant to the instant motion, *Clee v. Benson Industries, Inc.*, No. 2:24-cv-01529-DAD-AC, 2024 WL 4462337, *4-5 (E.D. Cal. Sep. 30, 2024) and *Shanley v. Tracy Logistics LLC*, No. 2:23-cv-02586-DC-JDP, 2024 WL 4647638, *5-6 (E.D. Cal. Oct. 30, 2024). (ECF No. 32.) The Court discusses each in turn.

In *Clee*, plaintiff filed a lawsuit under PAGA alleging defendants violated California labor laws by failing to pay overtime wages, pay minimum wages, pay meal and rest period premiums, provide accurate wage statements, pay final wages, reimburse business expenses, maintain appropriate hours and days of work, maintain accurate business records, and provide sick leave. 2024 WL 4462337 at *1. Defendants subsequently removed the action to federal court on the grounds that federal question jurisdiction existed because plaintiff's claims were preempted under § 301 of the LMRA. *Id*. Along with a motion to remand, plaintiff filed a request for judicial notice of the CBA in effect during plaintiff's employment with one defendant. *Id*. While the court declined to take judicial notice of the document because it was already filed on the docket, the court noted that the parties agreed plaintiff was subject to the terms of the CBA. *Id.* at *4.

As to plaintiff's overtime claim, plaintiff did not contest that the CBA expressly provided for the wages, hours of work, and working conditions of all covered employees and the CBA provided premium wage rates for all overtime hours worked. *Id*. Instead, plaintiff argued § 514 exemption did not apply because the CBA did not provide a base rate of pay of more than 30 percent of the applicable California minimum wage to all covered employees. *Id*. Ultimately, plaintiff failed to persuade the court that the CBA failed to pay covered employees at least 130 percent of the minimum wage, and the court concluded defendants had met their burden of

---

[8] Defendant contends this Court has supplemental jurisdiction over Plaintiff's rest break claim as it is part of the same case or controversy as Plaintiff's other claims. (ECF No. 1 at 19–20.) However, as the Court concludes Plaintiff's other claims are not preempted, the Court declines to exercise supplemental jurisdiction over Plaintiff's rest break claim.

1  showing § 514 exemption applied. *Id*. The court also determined plaintiff's remaining claims
2  arose from the same working conditions and relationship with defendants as plaintiff's overtime
3  claim and that it had supplemental jurisdiction over the remaining claims. *Id*. at *5.

4       A key factor in the court's analysis in *Clee* appears to have been that plaintiff conceded he
5  was subject to the terms of the CBA. *Id.* at *4. Indeed, the plaintiff in *Clee* requested the court
6  take judicial notice of the CBA as part of his motion to remand. *Id.* at *1. Further, plaintiff did
7  not contest that the CBA expressly provided for the wages, hours of work, and working
8  conditions of all covered employees and the CBA provided premium wage rates for all overtime
9  hours worked and instead, argued the CBA did not provide a base rate of pay of more than 30
10 percent of the applicable California minimum wage to all covered employees. *Id*. Thus, plaintiff
11 conceded the applicability of the statutory exemption under § 514. As discussed above, the
12 instant case is distinguishable because Plaintiff makes no such concession.

13      In *Shanley*, plaintiff filed a lawsuit under PAGA alleging defendants violated California
14 wage and hour laws by failing to: pay minimum wages; pay overtime, vacation pay, sick leave,
15 and meal and rest break premiums; provide sick leave and COVID-19 supplemental sick leave;
16 provide meal breaks or authorize rest breaks; reimburse business expenses; comply with
17 California quota laws; provide a safe and healthful workplace; timely pay wages; provide
18 accurate wage statements; and pay all wages due upon termination. 2024 WL 4647638 at *1.
19 Defendants subsequently removed the action to federal court on the grounds that federal question
20 jurisdiction existed because plaintiff's claims were preempted under § 301 of the LMRA. *Id* at
21 *2. Ultimately, the court found defendant met its burden of showing plaintiff was covered by a
22 CBA and plaintiff's overtime claims and sick leave claims were preempted under the LMRA
23 because the CBA met the requirements of § 514. It appears the court adopted the reasoning of
24 *Curtis* and did not address the line of reasoning articulated in *Vasserman, Atuatasi* and *Lopez*.

25      As discussed above, the Court here is persuaded by the discussions in *Atuatasi* and *Lopez*
26 and finds that the exemptions provide an affirmative defense that can be raised by Defendant but
27 do not affect whether Plaintiff's claims invoke rights independent of the CBA. *Atuatas*i, 2018
28 WL 2748259, at *4; *Lopez*, 2016 WL 3078840, at *4. Accordingly, the Court finds *Clee* and

1  *Shanley* distinguishable and do not alter the Court's determination.

2      **IV.   CONCLUSION**

3      Based on the foregoing, the Court hereby GRANTS Plaintiff's Motion to Remand
4  (ECF No. 17) and DENIES Defendant's Motion to Dismiss (ECF No. 10) and Motion to
5  Consolidate (ECF No. 25) as moot.  The case is remanded back to Solano County Superior
6  Court and the Clerk of the Court is directed to close the case.

7  IT IS SO ORDERED.

8  Date: February 7, 2025

                                                  TROY L. NUNLEY
                                                  CHIEF UNITED STATES DISTRICT JUDGE